```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


LYDIA CLEMENTS and                              CIVIL ACTION
RAYMOND CLEMENTS

VERSUS                                          NO. 05-1426


QUARK, LTD., QUARK FISHING LTD.                 SECTION "F"
AJC INTERNATIONAL, INC.,
AJC INTERNATIONAL (EXPORT), INC.,
AJC INTERNATIONAL (WEST), INC.,
AJC INTERNATIONAL TRADING CORPORATION,
AJC INTERNATIONAL, LTD., (VIRGIN ISLANDS),
AJC ATLANTIC, AJC FOODS, NORBULK SHIPPING (UK) LTD.
```

ORDER AND REASONS

Before the Court is the motion of Quark, Ltd. and Noburlk Shipping (UK) Ltd for summary judgment. For the reasons that follow, the motion is for summary judgment is DENIED because genuine issues of material fact exist.

Background

Plaintiff filed suit on April 14, 2005, under Section 905(b) of the Longshore and Harbor Workers' Compensation Act for personal injuries he sustained while performing longshore work on the M/V

VISON, a refrigerated vessel, at the Jourdan Road Wharf in New Orleans.

The named defendants are Quark, Ltd. and Norbulk Shipping (UK) Ltd., ("Owners") as owner and operator of the vessel and AJC International, Inc., as the voyage charterer.  Plaintiff alleges that he was injured when the wooden decking in the hold of the vessel broke under the driver's side wheel of a forklift, suddenly causing it to tilt forward dropping a pallet of frozen chicken on him.  Plaintiff has had several surgical procedures and now claims to be disabled.  The Owners seek summary judgment, contending that the plaintiff is unable to prove that the Owners owed a legal duty to protect him from the injury he allegedly suffered.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

In Scindia Steam Navigation Co. v. De Los Santos, 451 U.S.

3

156 (1981), the Supreme Court defined the scope of a vessel owner's duty under §905(b) and concluded that a vessel owner may only be liable for the injury of a longshoreman if:

> (1) the vessel owner fails to turn over a reasonably safe ship or fails to warn on turning over the ship of hidden defects of which is knew or should have known;
>
> (2) the vessel owner fails to remedy hazards under the active control of the vessel; or
>
> (3) the vessel owner fails to intervene in the stevedore's operations when it has actual knowledge both of the hazard and that the stevedore in the exercise of obviously improvident judgment, means to work on in the face of it and therefore cannot be relied on to remedy it.

Scindia, 451 U.S. at 167-168.

In support of the motion for summary judgment, the Owners argue that the plaintiff cannot carry his burden of proof that they meet any of the three conditions set out in Scindia.

The plaintiff counters that the Owners failed to turn over a reasonably safe vessel to the stevedore.  To bolster this argument, plaintiff relies on testimony from its expert, Edward Geoffrey Webster, who testified that the deckboards of the M/V VINSON were in substandard condition under circumstances in which insufficient time was given for proper maintenance and no safe alternative was provided to protect the stevedore from the

4

defects.  Plaintiff argues that this obvious lack of maintenance and/or the insufficient maintenance by the owners and crew of the M/V VINSON raises factual issues as to its responsibility under their control.  Further, Mr. Webster opined that the grated decks of the M/V VINSON were not properly placed, supported, maintained, or designed to support workers and that the that owners of the vessel did not comply with the mandatory duty to inspect and find defects and to warn of these defects.  Plaintiff's expert adds that there was no safety management system in place to identify and safeguard against risks such as cracked and defective floorboards, as required by the International Safety Management Code (ISM).  These serious fact issues preclude the granting of summary judgment in favor of the Owners.  The motion is DENIED.

   New Orleans, Louisiana, April 10, 2007.

                              _____
                                    **MARTIN L. C. FELDMAN**
                              **UNITED STATES DISTRICT JUDGE**