FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAY 23  PM 2: 29

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LYDIA CLEMENTS and               CIVIL ACTION
RAYMOND CLEMENTS

VERSUS                           NO. 05-1426

QUARK, LTD., QUARK FISHING LTD.  SECTION "F"
AJC INTERNATIONAL, INC.,
AJC INTERNATIONAL (EXPORT), INC.,
AJC INTERNATIONAL (WEST), INC.,
AJC INTERNATIONAL TRADING CORPORATION,
AJC INTERNATIONAL, LTD., (VIRGIN ISLANDS),
AJC ATLANTIC, AJC FOODS, NORBULK SHIPPING (UK) LTD.

ORDER AND REASONS

Before the Court is the motion by Quark, Ltd. and Norbulk Shipping (UK) Ltd for reconsideration of this Court's order of April 10, 2007 denying Defendants' motion for summary judgment.

BACKGROUND

Plaintiff filed suit on April 14, 2005 under Section 905(b)

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

of the Longshore & Harbor Workers' Compensation Act for personal injuries he sustained while working on the M/V VINSON at the Jourdan Road Wharf in New Orleans, Louisiana.  The defendants are Quark, Ltd. and Norbulk Shipping (UK) Ltd., (collectively, "Quark") as owner and operator of the vessel and AJC International, Inc., as the voyage sub-charterer.

Plaintiff alleges that he was working below deck in a hold of the vessel, and that he was injured when a forklift broke the wooden decking of the hold floor and subsequently dropped its load of frozen chickens on his leg and body.

Quark seeks reconsideration on the basis that it was not afforded an opportunity to respond to plaintiff's opposition memorandum to the Motion for Summary Judgment.  Quark asserts that denial of its Motion for Summary Judgment is based on several manifest factual errors.

I.

Rule 59 provides a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e).  A court has "considerable discretion" in granting a motion to reconsider.  Lavespere v. Niagra Mach. & Tool Works Inc., 910 F. 2d 167, 174 (5th Cir. 1990).  A court may grant the motion for reconsideration on three grounds: (1) an intervening change in the controlling law has occurred, (2)

evidence not previously available has become available, or (3) it if necessary to correct a clear error of law or fact or prevent manifest injustice. Database America, Inc. v. Bellsouth Advertising & Pub. Corp., 825 F. Supp 1216, 1220 (D.N.J., 1993); J. Ray McDermott Eng'q., L.L.C., v. Fuqro-McClelland Marine Geosciences, Inc., 2007 U.S. Dist. LEXIS 19059 (E.D. La. Mar. 16, 2007).  However, reconsideration is an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment." Lafargue v. Jefferson Parish, No. 98-3185, 2000 WL 174899, (E.D. L.A. Feb. 11, 2000).

II.

Quark bases its request for reconsideration on the argument that there is a need to correct a clear and manifest error of fact or law.  Quark argues that the factual issues that precluded the Court from granting Summary Judgment in their favor are based on the testimony of plaintiff's expert, Edward D. Webster, and that his opinions are based on incomplete facts not rising to the standard of personal knowledge.  See Fed. R. Civ. P. 56 (e). Quark asserts that Webster never set foot on the M/V VINSON, has never personally inspected the wooden decking, nor has he observed the crew's inspection and maintenance routine.

3

Furthermore, Quark asserts that because the picture Webster relies on was taken 2 ½ years after the accident, and because Webster found no program for inspection, maintenance and repair of the deck, that the evidence relied on by Webster is not sufficient and is based on incorrect information.

An expert witness' testimony is admissible "in the form of an opinion or otherwise . . . if the testimony is based upon sufficient facts." See Fed. Rules of Evidence 702. "Federal Rule of Evidence 702 gives the district court considerable discretion to admit or exclude expert testimony." Warnke v. Brick Oven Pizza & Pasta Café, Inc., 2007 WL 779756 (E.D. La. March 12, 2007). Plaintiff asserts that Webster's statement relied on dry dock survey reports, depositions of Trenton Hiatt's and Mikhail Kucherina, deck logs, monthly reports, and that these facts and other data are sufficient to create material fact issues that preclude summary judgment. The plaintiff contends, and this Court agrees, that the arguments offered by Quark do not reach the high standard for reconsideration. Quark neither proves neither an error of fact nor of law.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration, filed on behalf of the Defendants, Quark, Ltd. and Norbulk Shipping (UK)

Ltd., be, and the same is hereby, **DENIED**.

New Orleans, Louisiana, this ___24TH___ day of May, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE